944 F.Supp. 803 (1996)
Gary D. WYATT, Sr., Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 4:94CV1567-DJS.
United States District Court, E.D. Missouri, Eastern Division.
November 19, 1996.
Neil J. Maune, Walker and Maune, Granite City, IL, Bill T. Walker, Granite City, IL, for plaintiff.
Henry J. Fredericks, Asst. U.S. Attorney, St. Louis, MO, for defendant.

ORDER
STOHR, District Judge.
On September 23, 1996, the Court entered its memorandum opinion and order finding in favor of plaintiff on his claim under the Federal Tort Claims Act and assessing plaintiff's damages. Noting that under some circumstances § 538.220.2 R.S.Mo. authorizes the Court to impose a requirement that "future damages be paid in whole or in part in periodic or installment payments," the Court granted the parties time to file a motion requesting the imposition of a periodic payment schedule and to attempt to reach agreement concerning the particulars of such a schedule. In response to that order, the government filed a motion requesting the imposition of a reversionary trust in lieu of a periodic payment schedule, based on the holding of several Courts of Appeal that the government cannot be subjected to a continuing obligation such as the periodic payments contemplated by § 538.220.2. See, e.g., Hill v. United States, 81 F.3d 118, 120 (10th Cir.1996). Plaintiff concedes in his response that the United States cannot be required to pay future periodic payments, but opposes *804 the use of a reversionary trust as an alternative mechanism.
In the FTCA case of Frankel v. United States, 466 F.2d 1226 (3rd Cir.1972), the injured party was a 19-year-old girl who, as a result of her injuries, was rendered "psychotic and with the mentality of a five year old child." Id. at 1227. The Third Circuit affirmed the district court's rejection of a reversionary trust under which the court could require the government to make supplemental payments, holding that "in administering the legislation in question a district court should not make other than lump-sum money judgments unless and until Congress shall authorize a different type of award." Id. at 1228-29.
Hull by Hull v. United States, 971 F.2d 1499 (10th Cir.1992), involved a substantial FTCA damage award for injuries sustained by an infant in the course of his birth. In that case, the child's guardian ad litem requested and consented to a fully reversionary trust. The trial court's interest in the imposition of such a trust was based in part on its concern that the child's "safety would be in jeopardy if his parents were to receive the unspent portion of this damage award upon [the child's] death." Id. at 1502. The Tenth Circuit opined that such a trust was permissible where it would "ensure that the damage recovery is in the best interest of the victim." Id. at 1505.
The court stressed at length that the determination focuses on the best interest of the tort victim:
Thus, we hold that the district court has the inherent authority to order that Lee's damages be paid in the form of a fully reversionary trust if it concludes that is in Lee's best interest, so long as the government's obligation to Lee ceases when it pays a fixed lump sum to fund that trust. In determining whether such a trust is appropriate on remand, the court should consider what form or structure of damages best serves Lee's interests from Lee's perspective only. Thus, the court need not and should not consider whether either the government or the parents assume a risk or whether either might receive a "windfall" upon Lee's untimely death ... Both possibilities are only incidental to what must be the only inquiry after the proper amount of the award has been calculated and paid: How should it best be structured to benefit Lee?
Id. Given this emphasis, the Court of Appeals considered the consent of the victim, through his guardian ad litem, to be "a highly relevant consideration." Id. Similarly, in Hill a substantial award under the FTCA was made for serious injuries to a minor. The Court of Appeals again emphasized that "[t]he burden must be on the party proposing [a reversionary trust] to demonstrate that it would be in the best interests of the [victim]." Hill, 81 F.3d at 121.
The government's argument that the FTCA requires the Court to fashion the trust remedy most analogous to the periodic payment schedule contemplated in Missouri law is not persuasive. As the Tenth Circuit noted in Hill, the existing case law does not "offer direct support for the proposition that the United States may attempt to create a rough equivalent to a state statute when they are clearly ineligible for the precise remedy provided therein." Id. Furthermore, "the government has offered no reason why a reversionary trust could possibly benefit [Wyatt], nor can we divine any." Id. Through his counsel, Wyatt has objected to the imposition of a reversionary trust, and unlike the tort victims in Hull and Hill, Mr. Wyatt is a competent adult.
In summary, the Court is persuaded that the statutory scheme of § 538.220.2 R.S.Mo. cannot be imposed upon the United States, and that the Court has authority, but is not required, to impose a reversionary trust such as that proposed by the government here. Because the Court is also persuaded that the principal consideration in determining whether to impose a reversionary trust is the benefit of the tort victim, the Court will deny the government's motion in light of its failure to demonstrate that such a trust would be in the plaintiff's best interest. The Court will enter a lump-sum judgment in accordance with its memorandum opinion of September 23, 1996. Accordingly,
*805 IT IS HEREBY ORDERED that defendant's motion for reversionary trust [Doc. # 46] is denied.

JUDGMENT
Pursuant to the order entered herein this day and the memorandum opinion and order entered September 23, 1996,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment is entered in favor of plaintiff and against defendant in the total amount of $2,833,013.62, as calculated and itemized on page 30 of the Court's September 23, 1996 memorandum opinion, plus costs and such post-judgment interest as is allowed by law at the applicable rate of 5.49%.